

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00448-CR
_____

RAUL ANDRES GUTIERREZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13561

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Raul Andres Gutierrez appeals his conviction and ten-year sentence for tampering with evidence. Gutierrez had been on community supervision, but the trial court revoked his community supervision after Gutierrez pleaded true to using cocaine in violation of his probation conditions.

Gutierrez's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that her "thorough and conscientious examination of the record, the facts of the case, and its procedural history" shows no "plausible points of error." 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Gutierrez did not file a pro se response, and the State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit; we find nothing in the record

that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[1]

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 29, 2021

---

[1]If Gutierrez wishes to pursue further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a petition for discretionary review pro se. *Khondoker v. State*, Nos. 02-14-00461-CR, 02-14-00462-CR, 02-14-00463-CR, 2015 WL 5634244, at *2 (Tex. App.—Fort Worth Sept. 24, 2015, no pet.) (mem. op., not designated for publication). Any petition for discretionary review must be filed within thirty days after the date of this court's judgment or the date the last timely motion for rehearing, or timely motion for en banc reconsideration, is overruled by this court. Tex. R. App. P. 68.2. Additionally, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 68.3(a), 68.4.